ACCEPTED
03-14-00808-CV
6830720
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/8/2015 3:36:21 PM
JEFFREY D. KYLE
CLERK

# No. 03-14-00808-CV

## In The 3ʀᴅ Court of Appeals
## Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

9/8/2015 3:36:21 PM

JEFFREY D. KYLE
Clerk

**Rosendo Morales,** *Appellant*

**V.**

**Texas Department of Insurance-Division of Workers' Compensation and Commissioner Ryan Brannan, in his official capacity,** *Appellees*

---

**On appeal from the 146ᵗʰ District Court of Bell County, Texas; Cause No. 269,135-B, the Honorable Jack Weldon Jones Presiding**

---

## ROSENDO MORALES APPELLANT'S REPLY BRIEF

---

BRADLEY DEAN McCLELLAN
State Bar No. 13395980
Richard Pena
Law Offices of Richard Pena, P.C
State Bar No. 00000073
Law Offices of Richard Pena, P.C.
1701 Directors Blvd., Suite 110
Austin, Texas 78744
Brad.McClellan@yahoo.com
(512) 327-6884 telephone
(512) 327-8354 facsimile
*Counsel for Appellant*

September 8, 2015
**Oral Argument Requested**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES                                                     iv-vi

ISSUES PRESENTED                                                          ix

ROSENDO MORALES APPELLANT'S REPLY BRIEF                    1

SUMMARY OF ARGUMENT                                              2

ARGUMENT & AUTHORITIES                                            6
  Issue No. 1: Whether the District Court has jurisdiction to determine a declaratory judgment action brought to properly construe, interpret, and enforce applicable Texas statutes against the state agency and the head of the state agency after administrative remedies have been exhausted and a live controversy remains with allegations that the state defendants have violated the statutes in question by failing to properly apply the law?     6

CONCLUSION                                                              13

PRAYER                                                                  14

CERTIFICATE OF COMPLIANCE                                      15

CERTIFICATE OF SERVICE                                           15

# INDEX OF AUTHORITIES

## Cases

*City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) ..............................7

*City of Ingleside v. City of Corpus Christi*, Case No 14-0548, 2015 Tex. LEXIS 685, 58 Tex. Sup. J. 1519 (Tex. July 24, 2015) ........................................................3

*Patel v. Tex. Dep't of Licensing & Regulation*, Case No. 12-0657, ___S.W.3d___, 58 Tex. Sup. J. 1298, 2015 Tex. LEXIS 617, *11-12 (Tex. June 26, 2015) ................................................................................................................ passim

*SWEPI L.P. v. R.R. Comm 'n*, 314 S.W.3d 253, 268 (Tex. App--Austin 2010, pet. denied) ..................................................................................................... 10

*Tex. Dep't of Ins. v. Lumbermens Mut. Cas. Co.,* 212 S.W.3d 870 (Tex. App.—Austin 2006, pet. denied)........................................................................5

*Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 747 (Tex. App.—Austin 2014, pet. dism'd*)*.............................................................. 10

*Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 517-18 (Tex. 1995) ....................................................................................................................... 11

## Statutes

Texas Labor Code § 410.255.................................................................................. 13

## ISSUE PRESENTED

Issue No. 1: Whether the District Court has jurisdiction to determine a declaratory judgment action brought to properly construe, interpret, and enforce applicable Texas statutes against the state agency and the head of the state agency after administrative remedies have been exhausted and a live controversy remains with allegations that the state defendants have violated the statutes in question by failing to properly apply the law?

# No. <u>03-14-00808-CV</u>

**IN THE 3RD COURT OF APPEALS**
**AUSTIN, TEXAS**

---

**Rosendo Morales,** *Appellant*
**V.**
**Texas Department of Insurance-Division of Workers' Compensation and Commissioner Ryan Brannan, in his official capacity,** *Appellees*

---

**On appeal from the 146th District Court of Bell County, Texas; Cause No. 269,135-B, the Honorable Jack Weldon Jones Presiding**

---

## <u>ROSENDO MORALES APPELLANT'S REPLY BRIEF</u>

---

**To the Honorable Justices of the 3rd Court of Appeals:**

Courts are the last check on the administrative agencies and agency officers not following the laws adopted by the Legislature. An administrative agency does not get the last word on what the law requires and whether the agency is properly enforcing, applying, and complying with the law's requirements. The Judicial Branch ultimately determines the law and enforces proper compliance with the laws in the State of Texas and in the United States of America.

## SUMMARY OF THE ARGUMENT

Subsequent to the initial Appellant's brief, the Texas Supreme Court in two very recent decisions in June and July of this year *Patel* and *Ingleside v. Corpus Christi*. The Appellees appear to reassert legal arguments the Supreme Court rejected in *Patel*. *Patel* allowed for declaratory judgment against a state agency and explained the *Heinrich*, *DeQueen*, and *Sefzik* opinions allowed for declarations to require compliance with statutes. The *Ingelside v. Corpus Christi* case recently determined the interpretation of city law's presented a justiciable controversy for a declaratory judgment. In *Patel*, the Texas Supreme Court rejected a state agency's attempt to invoke immunity, standing, and redundancy (as all three argued in this matter) to avoid a declaratory judgment action to require compliance with the law by a state agency and explained suits to require statutory compliance are allowed.

In the *Patel* decision issued on June 25th, the Texas Supreme Court stated: "In *Heinrich* we decided that sovereign immunity **does not prohibit suits brought to require state officials to comply with statutory *or* constitutional provisions**. 284 S.W.3d at 372." *Patel v. Tex. Dep't of Licensing & Regulation,* Case No. 12-0657, __S.W.3d__, 58 Tex. Sup. J. 1298, 2015 Tex. LEXIS 617, \*11-12 (Tex. June 26, 2015).

In the *City of Ingleside v. City of Corpus Christi*, Case No 14-0548, 2015 Tex. LEXIS 685, 58 Tex. Sup. J. 1519 (Tex. July 24, 2015), the Texas Supreme Court explained: "Interpreting and applying an ordinance is also well within judicial authority. *Cf. City of Fort Worth v. Gulf Ref. Co.*, 125 Tex. 512, 83 S.W.2d 610, 617 (Tex. 1935) (construing and applying several ordinances regulating filling station businesses)." *Id.* at 2015 Tex. LEXIS 685, *8-9. The interpretation and application of laws are well within judicial authority even to bind governmental entities.

The state Appellee's in part assert: "the UDJA does not waive the State's immunity for claims seeking an interpretation of, or a declaration of rights under, a statute" and that Mr. Morales is "requesting sweeping declarations that go beyond any present or imminent dispute." *Appellee's Brief* p. 6,7. The Texas Supreme Court in the *Patel* decision rejected these arguments like *DeQueen* did previously, and unquestionably this is a present and imminent dispute with exhausted administrative remedies (beyond the Patel dispute level of threatened agency action) over whether a four level cervical neck fusion is rated a 5% ("a minor impairment" see p. 110 of the *AMA Guides* attached as to Appellant's Brief) or a 27% for major impairment to the cervical spine from the permanently fused spinal segments.

The final decision and order of the Texas Department of Insurance-Division of Workers' Compensation and the DWC Commissioner Brannan, collectively the DWC, ignores pre-maximum medical improvement spinal surgeries—and not just a minor spinal surgery, but a four level cervical neck fusion. The law does not allow such in assigning permanent impairment ratings which are determined based upon a worker's condition at maximum medical improvement.

The DWC appellants' argue baldly and erroneously that the UDJA: "At most, it waives immunity for challenges 'to the validity' of a statute." *DWC Appellee's Brief* at p. 9, c*iting to Patel.* The Texas Supreme Court in *Patel* recently again disagreed with this statement by explaining: "In *Heinrich* we decided that sovereign immunity **does not prohibit suits brought to require state officials to comply with statutory** *or* **constitutional provisions**. 284 S.W.3d at 372." (Emphasis added.) *Patel v. Tex. Dep't of Licensing & Regulation,* Case No. 12-0657, __S.W.3d__, 58 Tex. Sup. J. 1298, 2015 Tex. LEXIS 617, *11-12 (Tex. June 26, 2015). The Court made clear statutory compliance or constitutional compliance are proper waivers of sovereign immunity without addressing where the state agency actually joins a lawsuit and seeks legal interpretations such as here.

Again, Appellant is not seeking liability damages from the state Defendants. Appellant is seeking to enforce the statutory rights violated by the Appellees and failed to be enforced and properly followed by the Appellees.

This Court previously allowed a declaratory judgment action against the DWC in *Tex. Dep't of Ins. v. Lumbermens Mut. Cas. Co.,* 212 S.W.3d 870 (Tex. App.—Austin 2006, pet. denied), which resulted in erroneous applications of the law from *dicta* which the DWC and TMIC have not allowed impairment ratings to consider spinal surgeries even occurring before maximum medical improvement. Workers who undergo insurance carrier approved and paid for major spinal fusion surgeries occurring before the worker's recovery stabilizes at maximum medical improvement must have such surgeries and the effects of such surgeries considered and rated when impairment ratings are assigned under the Texas Workers' Compensation Act, and the DWC and the DWC Commissioner must follow the law.

The Judicial Branch of Texas is still the proper and last avenue to seek compliance with adopted state laws.

# REPLY ARGUMENT & AUTHORITY

**Issue No. 1: Whether the District Court has jurisdiction to determine a declaratory judgment action brought to properly construe, interpret, and enforce applicable Texas statutes against the state agency and the head of the state agency after administrative remedies have been exhausted and a live controversy remains with allegations that the state defendants have violated the statutes in question by failing to properly apply the law?**

The DWC and the Commissioner appear to allege declaratory relief is not available at all against the DWC and the Commissioner except for   The DWC argues (Appellees' Brief p. 9):

> Morales pursued declaratory relief "to properly construe, interpret, and enforce applicable Texas statutes against the state agency and the head of the state agency."   Br. of Appellant ix (Issue Presented); *see also, e.g., id.* at 3 ("This case involves a proper request for declaratory judgment with a challenge to the DWC Defendants [sic] improper enforcement of the law.").   The UDJA does not waive immunity for these claims.   **At most,** it waives immunity for challenges to "the validity of" a statute.

The Texas Supreme Court in *Patel* rejected this similar argument of another state agency and emphasized statutory compliance is a proper use of declaratory judgment actions.

1. **The *Patel* Decision Rejected State's Arguments of Immunity, Redundancy, Ripeness and Standing.**

Courts should wonder what so concerns the state over the proper enforcement of statutory terms, and why the state agency and state official

6

want to avoid proper statutory application, interpretation and enforcement.

The Texas Supreme Court just a couple of months ago in *Patel v. Tex. Dep't of Licensing & Regulation,* Case No. 12-0657, ___S.W.3d___, 58 Tex. Sup. J. 1298, 2015 Tex. LEXIS 617, *11-12 (Tex. June 26, 2015) rejected analogous arguments from a state agency attempting to claim four basic obstacles also asserted in this matter as to why the plea to the jurisdiction of a state agency should be granted: immunity, redundancy, ripeness and standing.  In Patel, the Court emphasized:

> In *Heinrich* we decided that sovereign immunity does not prohibit suits brought to require state officials to comply with statutory or constitutional provisions.

*Patel v. Tex. Dep't of Licensing & Regulation*, 2015 Tex. LEXIS 617, *10, 58 Tex. Sup. J. 1298 (Tex. 2015).

The Texas Supreme Court explained the rationale that from *Heinrich* that **"it is clear that suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity."** *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).  This matter involves a statutory challenge in part that the state agency and state officials have failed to comply with statutory provisions and the ultra vires allegations that the final decision and order is in violation of the statutory

provisions of the Labor Code, and If there is any doubt, then Appellant should be allowed to plead more specifically the allegations.

## 2. State Agency Immunity is Waived When Statutes are Challenged as Not Being Properly Applied and Enforced as Again Explained by the Texas Supreme Court in *Patel*.

The Texas Supreme Court, in rejecting a state agency's arguments for sovereign immunity in a jurisdictional plea, made clear this in *Patel*:

> . . . in *Heinrich* we clarified that "[f]or claims challenging the validity of . . . statutes . . . the Declaratory Judgment Act requires that the relevant governmental entities be made parties, and thereby waives immunity." *Id.* (citing *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994)). And we have reiterated the principle more recently. *See Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621-22 & n.3 (Tex. 2011) (restating that state entities can be—and in some instances such as when the constitutionality of a statute is at issue, must be—parties to challenges under the UDJA); *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 634 (Tex. 2010) (holding that allegations against the lottery commissioner were not ultra vires allegations because the claim challenged a statute and was not one involving a government officer's action or inaction).

*Patel v. Tex. Dep't of Licensing & Regulation*, 2015 Tex. LEXIS 617, *11-12 (Tex. June 26, 2015). The Texas Supreme Court allowed declaratory judgment to proceed and required the relevant governmental entities be made parties, and Mr. Morales has plead both ultra vires claims and claims challenging the proper application and enforcement of statutory terms.

In *DeQueen* subsequent to *Heinrich*, the Texas Supreme Court reiterated

that Declaratory Judgment Act suits to construe statutes are expressly allowed jurisdictionally against a state agency. *Texas Lottery Commission v. First State Bank of DeQueen,* 325 S.W.3d 628 (Tex. 2010). The Supreme Court in *DeQueen* reiterated that jurisdiction over the state agency existed and citing to *Leeper* explained:

> **[T]he DJA permits statutory challenges and governmental entities may be bound by those challenges, the DJA contemplates entities must be joined in those suits. *Leeper,* 893 S.W.2d at 446**.

The Texas Supreme Court further explained in *DeQueen* that statutory clarification, as expressly sought in this matter, that the state agency is a proper party *DeQueen*, 325 S.W.3d 628 at 635 [emphasis added]:

> Next, the Commission asserts that the DJA does not waive immunity because it applies only to suits involving constitutional invalidation and not to those involving statutory interpretation. **But the language in the DJA does not make that distinction**. . . . The trial court properly exercised jurisdiction over this claim.

Further, this matter involves partially a final decision of the DWC and the DWC Commissioner, so this matter does not just involve challenging the agency's interpretation of the statutes but also the actions of the agency head by failing to properly apply and enforce the statutes.

## 3. Declaratory Remedies To Prevent Future Abuses Are Not Redundant.

The DWC Appellees argue redundancy citing to rely upon inapplicable cases in *SWEPI L.P. v. R.R. Comm 'n*, 314 S.W.3d 253, 268 (Tex. App--Austin 2010, pet. denied); *Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 747 (Tex. App.—Austin 2014, pet. dism'd). *Appellees' Brief* p. 21, 22. However, in all those cases the state agency was a party and would have been legally bound by the determinations.

The Texas Supreme Court in *Patel* also rejected the redundancy argument because the mere judicial review of an agency order would be limited to that particular order and not declarations of rights and protection against future attempts to misapply the law under the statutes:

> **The available remedies on appeal from an administrative finding are limited to reversal of the particular orders at issue.** *Id.* But the Threaders seek more than a reversal of the citations issued to Momin and Yogi. They seek prospective injunctive relief against future agency orders based on the statutes and regulations. **Accordingly, because the declaration sought goes beyond reversal of an agency order, Section 2001.174 of the APA does not provide a redundant remedy.**

(Emphasis added.) *Patel v. Tex. Dep't of Licensing & Regulation*, 2015 Tex. LEXIS 617, *18-19 (Tex. June 26, 2015).

The declaratory relief in this matter goes well beyond the reversal of an individual order, but seeks to require the Defendants including the Appellees to all properly apply and enforce the statutes in the future. Plaintiff has plead

10

No. 03-14-00808-CV Rosendo Morales Appellant's Reply Brief

declaratory relief beyond just the reversal of the DWC and the DWC Commissioner's final decision and order:[1]

> The DWC Defendants and Texas Mutual may not ignore and must consider invalid an impairment rating that does not follow the Texas Workers' Compensation Act which requires pre-MMI surgeries and the effects of the surgery to be considered in assigning an impairment. This Court should so declare and enforce.

Mr. Morales clearly seeks to ensure that the DWC and the Commissioner and the Insurance Carrier properly interpret and properly apply the laws in the future and make sure the erroneous application and violation of the statutes does not occur in the future.

**4. Ripeness and Standing Exists with a Live Controversy. *Patel* explains Ripeness is Shown by Mere Initial State Action—Here an Erroneous Final State Decision & Order Exists**

In *Patel*, the Texas Supreme Court rejected the state agency's analogous arguments as to standing and ripeness:

> The standing doctrine identifies suits appropriate for judicial resolution. *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001). Standing assures there is a real controversy between the parties that will be determined by the judicial declaration sought. *Id.* (quoting *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 517-18 (Tex. 1995)). "[T]o challenge a statute, a plaintiff must [both] suffer some actual or threatened restriction under the statute" and "contend that the statute

---

[1] CR 51, Plaintiff's Amended Petition and Suit for Declaratory Relief, Par. 13

unconstitutionally restricts the plaintiff's rights." *Garcia*, 893 S.W.2d at 518.

*Patel* at 2015 Tex. LEXIS 617, *14, 58 Tex. Sup. J. 1298.

The substantive statutory issues are clear and laws are being ignored or erroneously applied and not enforced.  Without question a live controversy exists over the inclusion and consideration of spinal fusion surgeries in impairments and impairment ratings under the Texas Workers' Compensation Act.

**5.    Under Labor Code Section 410.255, the DWC is a proper party for all other issues, which likely includes the Proper Enforcement of the Law for Assigning Impairment Ratings.**

The state appellees argue that § 410.255 does not matter at p. 15 of their brief:

> . . . . the Legislature provided the Division with authority to intervene where it believed there was a possible violation of applicable laws and rules.  *See id.* § 410.254.  That authority would be largely superfluous if the Division could be dragged into court regardless of its wishes.

That is the whole problem with the DWC's circular argument that only the DWC gets to decide "if there was a possible violation of applicable laws."  This would conveniently avoid the purpose of the Judicial Branch in Texas to ensure a state agency and state officials follow the law.  The DWC is a proper

party under Texas Labor Code § 410.255 as the Legislature envisioned.

## CONCLUSION

This Court should follow the *Patel* and *Lumbermens* decision allow Rosendo Morales to proceed with the declaratory judgment claim and keep as parties both the DWC and the Commissioner, in his official capacity. The jurisdiction exists due to the live controversy, exhaustion of administrative remedies, and the state agency and state official are necessary parties for proper enforceability of the statutes and to ensure proper compliance with statutory terms alleged to be violated. Otherwise only the few who continue to fight will have a chance for justice on a piece by piece basis and the harm may occur again and again. The purpose of the Declaratory Judgment Act is to make the laws clear to all affected and to make sure the laws are properly applied and not violated by the state agency and the head of the state agency. The Judiciary oversees the Executive Branch both to uphold its proper actions but to also to protect Texans' rights to make sure the laws are properly applied and correctly interpreted and rightly enforced.

## PRAYER

Rosendo Morales, Appellant, respectfully prays and ask that this Court reverse the ruling of the District Court on the plea to the jurisdiction granted to the DWC and the Commissioner, and this Court should not allow the dismissal of the DWC and the Commissioner, and that this Court determine that the District Court has jurisdiction to determine the declaratory judgment matters sought by Appellant including against the DWC and the Commissioner. Appellant ask for all other relief to which he is entitled including costs of court.

Respectfully,

/s/ Brad McClellan
Bradley Dean McClellan
State Bar No. 13395980
Of Counsel, Law Offices of Richard Pena, P.C.
Richard Pena
Law Offices of Richard Pena, P.C
State Bar No. 00000073
1701 Directors Blvd., Suite 110
Austin, Texas 78744
Brad.McClellan@yahoo.com
(512) 327-6884 telephone
(512) 327-8354 facsimile
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

I certify that I have 3,325 word count checked by the word program in compliance with the Texas Rules of Appellate Procedure.

/s/ Brad McClellan
Bradley Dean McClellan

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Appellants' Reply Brief was served on the through counsel of record by the method indicated below on September 8, 2015.

Adrienne Butcher, Assistant Attorney General      *Via efiling/eservice*
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548 (MC-018), Capital Station
Austin, Texas 78711-2548
512-475-4208
Facsimile: (512) 320-0167
adrienne.butcher@texasattorneygeneral.gov
Attorneys for DWC and Commissioner

Courtesy copy provided to other Defendant      *Via efiling/eservice*
below
Scott Placek  & Matthew Foerster
Arnold & Placek, LLC
203 East Main Ave, Ste. 203
Round Rock, TX 78664
Attorneys for Defendant

/s/ Brad McClellan
Bradley Dean McClellan